# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>KORREY S. JONES ) | Case No. CR411-001 |

## REPORT AND RECOMMENDATION

Defendant Korrey S. Jones is charged with obstructing interstate commerce by robbing a local pawn shop in violation of the Hobbs Act, 18 U.S.C. § 1951. Doc. 20 (Superseding Indictment, Count Two). He is also charged with conspiring to commit that offense, *id.* (Count One), discharging a firearm during the robbery, *id.* (Count Three), and stealing firearms from a federal firearms licensee. *Id.* (Count Four). Jones has moved to dismiss Counts One, Two, and Three of the indictment, contending that the charged robbery "lacks a sufficient nexus to interstate commerce," doc. 39 at 1, and therefore is "inappropriate for federal prosecution." *Id.* at 4.

The Hobbs Act criminalizes only those robberies that interfere with "commerce,"[1] which is defined as including interstate commerce. 18 U.S.C. § 1951(b)(3). It has long been the law of this circuit that this jurisdictional element "can be met simply by showing that the offense has a 'minimal' effect on commerce." *United States v. Verbitskaya*, 406 F.3d 1324, 1331 (11th Cir. 2005); *United States v. Castleberry*, 116 F.3d 1384, 1387 (11th Cir. 1997); *see also United States v. Paredes*, 139 F.3d 840, 843-44 (11th Cir. 1998). While Jones concedes that this is the standard, doc. 39 at 3, he argues that the government cannot prove the jurisdictional element in this case because the goods offered for sale at the pawn shop "are at least one step removed from interstate commerce." *Id.* at 2. Jones reasons that because the Welsh Pawn Shop is a purely local business located "away from any interstate highway"

---

[1] The relevant portion of the statute states:

> Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery . . . or attempts or conspires so to do, or commits or threatens physical violence to any person . . . in furtherance of [such a robbery], shall be fined under this title or imprisoned not more than twenty years, or both.

18 U.S.C. § 1951(a).

2

and "frequented by locals," its pawn transactions do not involve the movement of goods in interstate commerce. *Id.*

This challenge comes too soon in the proceedings, however. At its heart, defendant's motion tests the sufficiency of the government's evidence as to the jurisdictional element of the crime. While this Court may review the *legal* sufficiency of the indictment, it may not at this stage review the sufficiency of the proof that will be offered in support of the indictment's allegations or second-guess the grand jury's probable cause findings. *United States v. Salman*, 378 F.3d 1266, 1268 (11th Cir. 2004); *see United States v. Critzer*, 951 F.2d 306, 307 (11th Cir. 1992) (per curiam) ("[t]here is no summary judgment procedure in criminal cases"). Here, the indictment alleges that the Welsh Pawn Shop was engaged in "a business which affects interstate commerce." Doc. 20 (Count Two). It further alleges that the defendant and his coconspirators obstructed such commerce through their robbery of seven firearms from the pawn shop, discharging handguns and wounding employees in the process. *Id.* The government must be permitted to prove these allegations at trial. Only after the close of the government's evidence may Jones challenge the sufficiency of its proof through a

3

motion for judgment of acquittal pursuant to Fed R. Crim. P. 29. There is no provision in federal criminal practice for testing the government's proof prior to that point. Accordingly, the Court cannot determine whether the Hobbs Act is unconstitutional as applied to defendant Jones until the trial of this case.

Further, even if an assessment of proof could be made at the pretrial stage, the government has offered an affidavit from the president of the Welsh Pawn Shop, Inc. stating that "[m]ost of the vendors" from whom the business acquires inventory are located outside the State of Georgia, that "EBAY sales are an integral part of our revenue stream," and that many of the business's "pawn and retail customers are from South Carolina." Doc. 56-1 (Attachment). These assertions directly conflict with defendant's unsworn contention that the Welsh Pawn Shop is a "uniquely local business that does not transact business in interstate commerce." Doc. 39 at 2. Thus, even if there were a counterpart to Fed. R. Civ. P. 56 in the Federal Rules of Criminal Procedure (and there is none), the government's evidentiary showing would establish a genuine issue of material fact that would preclude summary judgment for the defendant.

The grand jury has found probable cause that Jones and his companions conspired to obstruct, and did obstruct, "commerce" as defined in 18 U.S.C. § 1951 by robbing the Welsh Pawn Shop of seven firearms and shooting two of its employees during the course of that robbery. Doc. 20 (Superseding Indictment, Counts One, Two, Three). Defendant's challenge to the sufficiency of the government's proof is premature, for the government must be given an opportunity to put up its evidence at trial. Defendant's motion to dismiss, therefore, must be **DENIED.**

**SO REPORTED AND RECOMMENDED** this 2nd day of May, 2011.

**UNITED STATES MAGISTRATE JUDGE**
**SOUTHERN DISTRICT OF GEORGIA**